FILED'08 DEC 8 15:21USDC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


PATY J. DAHM,                                  Civil No. 08-3005-AA

      Plaintiff,                         OPINION AND ORDER

   v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

      Defendant.
_____

Arthur W. Stevens III
Black, Chapman, Webber, Stevens,
   Petersen & Lundblade
221 Stewart Ave., Ste. 209
Medford, OR  97501
   Attorney for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Britannia I. Hobbs
Assistant United States Attorney

1 - OPINION AND ORDER

1000 S.W. Third Avenue
Portland, Oregon 97204-2902

L. Jamala Edwards
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075
    Attorneys for defendant

AIKEN, Judge:

Plaintiff brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's decision denying her application for supplemental security income disability benefits under Title XVI of the Act. The decision of the Commissioner is reversed and remanded for further proceedings.

## DISCUSSION

Plaintiff argues that the ALJ erred in finding her migraine headaches "non-severe" at step two of the disability analysis and failing to consider any functional limitations resulting from her headaches. In doing so, plaintiff maintains that the ALJ failed to give clear and convincing reasons for rejecting the opinion of Dr. Heyerman, a treating physician.

I agree that the ALJ erred in her findings at step 2. The ALJ found plaintiff's headaches to be "non-severe," because no objective medical evidence supported plaintiff's complaints of

2 - OPINION AND ORDER

pain. Tr. 24. However, findings at step two are akin to "a de minimis screening device [used] to dispose of groundless claims," and an impairment may be found "not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." Webb v. Barnhart, 433 F.3d 683, 686-87 (9th Cir. 2005) (quoting Smolen v. Chater, 80 F.3d 1273 1290 (9th Cir. 1996)).

Here, plaintiff was diagnosed and treated for migraine headaches on numerous occasions by Dr. Heyerman, a treating physician, and his diagnosis is not contradicted by other medical evidence of record. Tr. 234-34, 249, 254, 257, 281. "Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing reasons supported by substantial evidence in the record." Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007). The ALJ supplied no such reasons here. Thus, to the extent that Dr. Heyerman's diagnosis establishes that plaintiff suffers from a "severe" impairment of headaches or migraine headaches, that diagnosis is accepted.

Plaintiff also argues that the ALJ erred in rejecting Dr. Heyerman's opinion of disability and plaintiff's subjective complaints of pain. However, given the state of the record, I do not find that plaintiff's testimony and Dr. Heyerman's opinion

3 - OPINION AND ORDER

regarding plaintiff's limitations must be credited as true. Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003). First, plaintiff's inconsistent statements of record place her credibility and Dr. Heyerman's assessment - based in large part on plaintiff's subjective complaints - in question. For example, at the administrative hearing, plaintiff asserted under oath that her fibromyalgia did not prevent her from working. Tr. 441. This statement is inconsistent with plaintiff's application for benefits based on fibromyalgia and numerous statements of record in support of her application. Tr. 59, 87-93. Further, as noted by the ALJ at the administrative hearing, no objective medical evidence supports the numerous conditions plaintiff claims to have. Tr. 443. Finally, Dr. Heyerman's opinion - and his checklist indicating disability - is not accompanied or supported by clinical findings or objective testing of plaintiff's functional limitations. See Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

Therefore, I find that outstanding issues must be resolved before a determination of disability can be made. The case is remanded for further proceedings to allow the ALJ to reevaluate plaintiff's application at steps four and five, taking into

4 - OPINION AND ORDER

consideration plaintiff's migraine headaches and any resulting limitations. <u>Harman v. Apfel</u>, 211 F.3d 1172, 1178 (9th Cir. 2000).

<u>CONCLUSION</u>

The ALJ's conclusion that plaintiff did not establish disability under the Act is not supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is REVERSED and REMANDED for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED this 8 day of December, 2008.

Ann Aiken
United States District Judge

5 - OPINION AND ORDER